UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
LONDON

Eastern District of Kentucky
FILED
FEB 0 8 2006
AT LONDON
LESLIE G. WHITMER
CLERK U.S. DISTRICT COURT

CIVIL ACTION NO. 05-97-GWU

WAYNE A. LINVILLE,                                         PLAINTIFF,

VS:                     MEMORANDUM OPINION

JO ANNE B. BARNHART,
COMMISSIONER OF SOCIAL SECURITY,         DEFENDANT,

## INTRODUCTION

Wayne Linville originally brought Linville v. Barnhart, London Civ. A. No. 02-330-GWU (E.D. Ky) to obtain judicial review of an unfavorable administrative decision on his applications for Disability Insurance Benefits and for Supplemental Security Income. After a period of administrative reconsideration prompted by the Court's Memorandum Opinion, Order, and Judgment of May 21, 2003 (Tr. 198-205), it is again before the Court on cross-motions for summary judgment.

## APPLICABLE LAW

The Sixth Circuit Court of Appeals has established the following test for judicial analysis of benefit denial cases:

    1.     Is the claimant currently engaged in substantial gainful activity? If yes, the claimant is not disabled. If no, proceed to Step 2. See 20 C.F.R. 404.1520(b), 416.920(b).

    2.     Does the claimant have any medically determinable physical or mental impairment(s)? If yes, proceed to Step 3. If no, the claimant is not disabled. See 20 C.F.R. 404.1508, 416.908.

    3.     Does the claimant have any severe impairment(s)--i.e., any impairment(s) significantly limiting the claimant's physical or mental ability

1

to do basic work activities? If yes, proceed to step 4. If no, the claimant is not disabled. See 20 C.F.R. 404.1520(c), 404.1521, 416.920(c), 416.921.

4.  Can the claimant's severe impairment(s) be expected to result in death or last for a continuous period of at least 12 months? If yes, proceed to Step 5. If no, the claimant is not disabled. See 20 C.F.R. 404.920(d), 416.920(d).

5.  Does the claimant have any impairment or combination of impairments meeting or equaling in severity an impairment listed in 20 C.F.R. Part 404, Subpart P, Appendix I (Listing of Impairments)? If yes, the claimant is disabled. If no, proceed to Step 6. See 20 C.F.R. 404.1520(d), 404.1526(a), 416.920(d), 416.926(a).

6.  Can the claimant, despite his impairment(s), considering his residual functional capacity and the physical and mental demands of the work he has done in the past, still perform his kind of past relevant work? If yes, the claimant is not disabled. If no, proceed to step 7. See 20 C.F.R. 404.1520(e), 416.920(e).

7.  Can the claimant, despite his impairment(s), considering his residual functional capacity, age, education and past work experience, do other work--i.e., any other substantial gainful activity which exists in the national economy? If yes, the claimant is not disabled. See 20 C.F.R. 404.1505(a), 404.1520(f)(1), 416.905(a), 416.920(f)(I).

Garner v. Heckler, 745 F.2d 383, 387 (6th Cir. 1985).

In applying this analysis, it must be remembered that the principles applicable to judicial review of administrative agency action apply. Judicial review of the Commissioner's decision is limited in scope to determining whether the findings of fact made are supported by substantial evidence and in deciding whether the Commissioner employed the proper criteria in reaching his conclusion; the findings as to any fact, if supported by substantial evidence, shall be conclusive. Id. This "substantial evidence" is "such evidence as a reasonable mind shall accept as adequate to support a conclusion"; it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. Id.

One of the factors in the administrative record may be the fact that the Commissioner has improperly failed to accord greater weight to a treating

2

physician than to a doctor to whom the plaintiff was sent for the purpose of gathering information against his disability claim. Bowie v. Secretary, 679 F.2d 654, 656 (6th Cir. 1982). This presumes, of course, that the treating physician's opinion is based on objective medical findings. Houston v. Secretary of Health and Human Services, 736 F.2d 365, 367 (6th Cir. 1984); King v. Heckler, 742 F.2d 968, 973 (6th Cir. 1984). Opinions of disability from a treating physician are binding on the trier of fact only if they are not contradicted by substantial evidence to the contrary. Hardaway v. Secretary, 823 F.2d 922 (6th Cir. 1987).

Additional information regarding the specific steps of the seven-part Garner test cited earlier is also valuable.

In step three of the analysis, the issue is whether the plaintiff has a "severe impairment," defined by the regulations to mean one which significantly limits one's ability to perform basic work activities, which is in turn defined as "the abilities and aptitudes necessary to do most jobs." 20 C.F.R. 404.1521, 416.921. The Sixth Circuit has definitely cautioned against overly-restrictive interpretation of this term. Farris v. Secretary of Health and Human Services, 773 F.2d 85 (6th Cir. 1985). The burden is upon the plaintiff, however, to provide evidence complete and detailed enough to enable the Commissioner to determine that there is such a "severe impairment," Landsaw v. Secretary of Health and Human Services, 803 F.2d 211 (6th Cir. 1986).

Step six refers to the ability to return to one's past relevant category of work. Studaway v. Secretary, 815 F.2d 1074 (6th Cir. 1987). The plaintiff is said to make out a prima facie case by proving that she or he is unable to return to this work. Lashley v. Secretary of Health and Human Services, 708 F.2d 1048, 1053 (6th Cir. 1983).

Once the case is made, however, if the Commissioner has failed to

3

properly prove that there is work in the national economy which the plaintiff can perform, then an award of benefits may, under certain circumstances, be had. Faucher v. Secretary of Health and Human Services, 17 F.3d 171 (6th Cir. 1994). One of the ways that the Commissioner may meet his burden is through the use of the medical-vocational guidelines.

However, the medical vocational guidelines themselves may not even be fully applicable if a non-exertional impairment is involved. When this happens, the Commissioner may use the rules as a framework for decision-making. 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e). It may often be required for the agency to consult a vocational specialist in such cases. Damron v. Secretary, 778 F.2d 279 (6th Cir. 1985). Nonetheless, the finding by the Commissioner that a non-exertional impairment does not significantly affect the level of work that a claimant can do must be tantamount to a finding that this additional impairment is non-severe. Wages v. Secretary of Health and Human Services, 755 F.2d 495 (6th Cir. 1985).

One of the residual functional levels used in the guidelines, called "medium" level work, involves lifting no more than fifty pounds at a time with frequent lifting or carrying of objections weighing up to twenty-five pounds; a person capable of this level of exertion is also deemed capable of performing at lesser levels of "light" and "sedentary." 20 C.F.R. 404.1567(c), 416.967(c). "Light" level work, involves the lifting of no more than twenty pounds at a time with frequent lifting or carrying of objects weighing up to ten pounds; a job is in this category when it involves a good deal of walking or standing, or when it involves sitting most of the time with some pushing and pulling of arm or leg controls; by definition, a person capable of this level of work activity, must have the ability to do substantially all these activities. 20 C.F.R. 404.1567(b),

4

416.967(b). A "sedentary" level job encompasses the capacity to lift no more than ten pounds at a time and occasionally lift or carry small articles and an occasional amount of walking and standing. 20 C.F.R. 404.1567(a), 416.967(a). The guidelines make it clear that disabilities such as postural restrictions or the lack of bilateral manual dexterity compromise a person's ability to do a full range of this type of work; they also indicate that a finding of disabled is not precluded when the person is not able to do a full range of sedentary work, even if that person is a "younger individual." 20 C.F.R. Part 404, Subpart P, Appendix 2, Rules 200.00(e), 201.00(h).

Substantial evidence may be produced through reliance on the testimony of a vocational expert in response to a hypothetical question, but only "if the question accurately portrays (plaintiff's) individual physical and mental impairments." Varley v. Secretary of Health and Human Services, 820 F.2d 777 (6th Cir. 1987).

## DISCUSSION

The Administrative Law Judge (ALJ) concluded that Linville, a 34 year-old former cook, dishwasher, and cashier with a "limited" education, suffered from impairments related to diabetes mellitus, a history of diabetic neuropathy, a history of background diabetic retinopathy, carpal tunnel syndrome, an impulse control disorder, a pain disorder with both general medical and psychological conditions, alcohol abuse (partial remission per claimant's report) with possible alcohol dependence, as well as cannabis and nicotine dependence. (Tr. 181, 184). Despite the plaintiff's impairments, the ALJ determined that he retained the residual functional capacity to perform a restricted range of medium level work. (Tr. 188). Since the claimant would be able to return to all of his past relevant work, he could not be considered totally disabled. (Tr. 188-189).

After review of the evidence presented, the undersigned concludes that the administrative decision is supported by substantial evidence. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff.

The hypothetical question presented to Vocational Expert James Miller included an exertional limitation to medium level work along with such non-exertional limitations as a "limited but satisfactory" ability to follow work rules, relate to co-workers, deal with the public, use judgment, interact with supervisors, deal with work stresses, function independently, maintain attention and concentration, understand, remember and carry out complex instructions, behave in an emotionally stable manner, relate predictably in social situations, demonstrate reliability, and maintain personal appearance. (Tr. 314). In response, the witness indicated that such a person could perform all of Linville's past work. (Tr. 314). The ALJ later changed the question to include a limitation to light level work with the same psychological limitations as in the first question as well as an inability to more than occasionally climb, stoop, bend, crouch, or crawl. (Tr. 314). The witness indicated that the plaintiff's light level work as a pizza cook could still be done. (Tr. 313-314). Therefore, assuming that the vocational factors considered by Miller fairly characterized the claimant's condition, then a finding of disabled status, within the meaning of the Social Security Act, is precluded.

This action was previously remanded because the ALJ erred in evaluating the medical record. (Tr. 204). Dr. William Durham, a treating source, identified a number of very severe physical restrictions which were not properly offset in the record. (Tr. 204-205). Upon remand, this problem has been cured.

Dr. Joseph Koenigsmark examined Linville and specifically found no

6

restrictions which would be incompatible with the full range of medium level work. (Tr. 235). Treating records from the staff at Cumberland Orthopedic and Sports Medicine (Tr. 236-239), the staff at Marymount Medical Center (Tr. 269-276), and the staff at Baptist Regional Medical Center (Tr. 277-293) do not reveal the existence of more severe physical limitations than those found by the ALJ. These records provide substantial evidence to support the administrative decision.

Linville argues that the ALJ erred in rejecting Dr. Durham's physical restrictions (Tr. 90-93) as well as those of Dr. Sam Kreis (Tr. 265-268), allegedly another treating source. The ALJ noted a number of good reasons why Dr. Durham's opinion was discounted, including the lack of neurological or musculoskeletal abnormalities in his clinical findings, the conservative nature of the treatment, the lack of referrals to neurological or endocrine specialists, and the lack of clinical findings made by the consultative examiners. (Tr. 181). These would appear sufficient grounds to reject the opinion as binding. With regard to Dr. Kreis, the ALJ noted that the physician provided no treatment notes or evidence that he reviewed any objective scans, while other examiners found far less severe limitations. (Tr. 183). Therefore, the opinions of both physicians were properly rejected by the ALJ.

The ALJ also dealt properly with the evidence of record relating to Linville's mental status. The question was consistent with the mental restrictions identified by Psychologist Kenneth Starkey, an examining consultant. (Tr. 224-225). These offset the opinion of Psychologist Blaine Pinaire, another examiner (Tr. 96), and outweighed the opinion of Psychologist Ed Ross, a non-examining medical reviewer (Tr. 113-114). Therefore, the hypothetical question fairly depicted the plaintiff's mental status.

7

Linville asserts that the ALJ was bound by her previous residual functional capacity finding limiting him to sedentary level work[1] based upon the authority of Drummond v. Commissioner of Social Security, 126 F.3d 837 (6th Cir. 1997) and Acquiescence Ruling 98-4(6) which instructs that the agency "must adopt [the residual functional capacity finding] from a final decision by an ALJ or the Appeals Council on the prior claim in determining whether the claimant is disabled with respect to the unadjudicated period unless there is new and material evidence relating to such a finding..." However, as noted by the defendant, these authorities clearly refer to final administrative decisions. The March, 2002 decision to which the claimant refers was not a final decision but was reversed and remanded by the undersigned. Therefore, the Court must reject the plaintiff's argument.

The undersigned concludes that the administrative decision should be affirmed. Therefore, the Court must grant the defendant's summary judgment motion and deny that of the plaintiff. A separate judgment and order will be entered simultaneously consistent with this opinion.

This the _____ day of February, 2006.

G. WIX UNTHANK
SENIOR JUDGE

---

[1] The prior decision actually restricted the plaintiff to light level work. (Tr. 20).